## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CODY COPELAND,**

   **Plaintiff,**

   v.          **CASE NO. 24-3152-JWL**

**JOHNSON COUNTY BOARD**
**OF COMMISSIONERS, et al.,**

   **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  Plaintiff has been granted leave to proceed in forma pauperis.  On September 9, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff alleges that he was forced into sexual acts by a correctional officer at the Johnson County Treatment Center ("JCTC") from May of 2015 to January of 2016.  (Doc. 1, at 3.) According to the Complaint, the officer was ultimately arrested and convicted of sexual assault. *Id*.  Plaintiff alleges that he suffered "extreme emotional distress" and "loss of liberty, reputation, community standing and embarrassment."  *Id*.

Plaintiff names as defendants the Johnson County Board of Commissioners; Alyssa Staats, Correctional Officer at JCTC; Earl Taylor, Head Director of JCTC; and Tony Booker, Director of JCTC.  Plaintiff seeks $5 million in punitive damages and $2.5 million in compensatory damages. *Id*. at 8.

1

Plaintiff brings claims based on incidents occurring in 2015 and 2016.  The Court held in the MOSC that the statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1]  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  The facts supporting Plaintiff's claims were apparent when he was assaulted.  Therefore, his cause of action accrued more than eight (8) years ago.

In his response, Plaintiff argues that he is entitled to tolling of the statute of limitations because "the limitation period expired before I the defendant was able to identify the extreme emotional distress with professional help."  (Doc. 5, at 1.)  He also argues that he was never provided with a victim's advocate, which could have helped him identify his symptoms.  *Id*. at 2.

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, this occurred well after statute of limitations here had already expired.  *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021).  The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32.  The AO reinstated the statute of limitations effective April 15, 2021.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Matter of Bell*, 529 P.3d 153, 157 (Kan. 2023); *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007). There is a Kansas statute providing that a prisoner is presumed to be a person under a legal disability so that the limitation period is tolled until one year after the disability is removed but no more than eight (8) years after the events giving rise to the cause of action. K.S.A. 60–515(a). However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a). Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something that Plaintiff has not claimed. See *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but generally applies it only where the defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)); see also *Bell*, 529 P.3d at 157. The record

fails to support a claim that the defendants affirmatively induced Plaintiff into delaying his filing of this suit.

In addition, the Kansas Supreme Court has recognized that the equitable tolling standard for habeas cases can be applied to other actions. See *Bell,* 529 P.3d at 157. That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *Id*., quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010). Plaintiff does not demonstrate any extraordinary circumstance that would entitle him to equitable tolling of the limitation period.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle*, 435 F.3d at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). It plainly appears from the face of the Complaint that Plaintiff's claims are barred by the applicable two-year statute of limitations.

Plaintiff's Complaint was filed with the Court on September 5, 2024. Plaintiff alleges that his civil rights were violated in 2015 and 2016. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus*, 49 F.3d at 674–75 (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. His response fails to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. This matter is dismissed for failure to state a claim.[2]

---

[2] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated October 24, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**